Mr. Justice Walker delivered the opinion of the Court. It is assigned, as error, that the Circuit Court did not acquire jurisdiction of this case, because there was no entry made upon the justice’s docket that the appeal was allowed. The record shows that an appeal was prayed on the day that the judgment was rendered; and thereafter within thirty days a valid affidavit and recognizance were made and filed in strict accordance 'with the statute. Prior to the statute of 1846, this objection would have been fatal to the jurisdiction of the Circuit Court. That statute seems to have been designed to cure omissions cf this kind. See. 182, Dig., p. 668, provides that, “No appeal from a justice of the peace to the Circuit Court shall be dismissed or stricken from the docket where any specific sum shall be found by said justice: First, because the justice has not rendered a formal judgment upon his record or docket: Second, because he has not entered upon his docket that an appeal was prayed for and granted; but if the requisites, as they are required in see. 176, be substantially complied with, the cause shall bo deemed to be in court, and be subject to be tried anew on its merits.” In this case, we find all the requisites of section 176 complied with. The affidavit and recognizance were regularly taken and filed in due time. This assignment of error, therefore, cannot be sustained. It is next assigned, as error, that Ring, a witness offered on the part of Brown, was incompetent because of interest in the suit, and was therefore improperly permitted to testify. Being sworn on his voir dire, he positively disclaimed all interest in the suit or the event thereof, but admitted that the account in suit was for work done by Brown, on a farm carried on by witness and Rap-ley in partnership, in pursuance of certain articles of agreement, which were then read, in'which, after various stipulations in regard to the cultivation of the farm and the profits arising therefrom, it was agreed, on the part of Rapley, that he, at his own proper expense, was to furnish one hand to work on said farm. It was further stipulated, in said articles of agreement, that no debts should be contracted by the firm without the written assent of both parties first had and obtained. It further appeared, from the statement of the witness, that, at the instance of Rapley, he ascertained that Brown wished to hire, and went with him to Rapley. That Rapley agreed with Brown to give $12 per .month for work to be done on the partnership premises, that Brown worked on the farm about 13 months. Rapley paid him sixty dollars in part satisfaction of his wages! Witness paid nothing. That Brown was employed for Rapley, by witness as aforesaid, to work in fulfillment of his (Rapley’s) agreement to furnish a hand under the articles of agreement aforesaid. Witness never hired any hands himself, and had no written authority to do so. Under this state of case, the counsel for Rapley contends that, although the witness disclaimed all interest in the suit, yet the facts disclosed prove him to be interested, and, on that ground, his evidence should have been excluded. To show this interest, they contend that this was a debt contracted by one of the parties without a written consent from the other in violation of the terms of their articles of written agreement, and is therefore as a special contract inoperative, and that as the services were rendered by Brown in and about the partnership business, both parties are responsible in assumpsit for work and labor. We think the counsel have misconceived the object as well as the legal effect of this stipulation. It was evidently intended to prevent either partner from binding the other for the payment of contracts touching their partnership affairs, without a written consent for that purpose. Now if this was an effort on the part of Brown to fix a joint liability upon them both as partners, then it might be objected by Ring, that as he had never given his written consent for Rapley to hire Brown, he would not be bound by the contract, for, from the facts of the case, it was clearly Rapley’s contract. Rapley agreed to furnish a hand at his individual expense; told Ring that, as he was busy, to look out for one, Ring did so and brought Brown to him, Brown asked Rapley $15 per month, Rapley refused, stating that $12 was the most he had ever given. Brown finally agreed with him that he would take $12, the bargain was closed by them, and Rapley from time to time paid all that was received by Brown for work. Surely no one could seriously contend that when Rapley was stipulating with Brown to do the work, which he had agreed to have done at his own proper expense, that Ring, who was requested to look out for such a hand, ever dreamed that it was any contract of his, or that he was at all responsible; nor could Rapley have so understood it. This considered, and Rapley comes here to object that he had no right to bind himself without the written consent of Ring. An objection, the bare statement of which proves its absurdity. But, to give it the effect contended for, it is evident that this stipulation never was intended to embrace the contract for the hand agreed to be furnished by Rapley in the same articles of agreement and at his individual expense. Ring did not desire Rapley to ask his permission to do what he had bound himself to do, and Rapley was legally competent to contract without written authority or consent from Ring. Under the circumstances of the case, there can be no doubt but that the Circuit Court correctly permitted the evidence to go to the jury. . The instructions asked and refused by the Circuit Court were predicated upon the supposition that a partnership contract had been proven. In our opinion, there was no evidence conducing to prove the existence of such a contract: therefore the instructions were irrelevant and properly excluded. Let the judgment of the Circuit Court be, in all things, affirmed, with costs.